THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 7, 2014



Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | January 6, 2014 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 12-36752 |
| DEBTOR: | Debra W. Stanislawski |
| ADV NO: | 13-02152 |
| ADVERSARY: | Maxwell v. Stanislawski |
| NATURE OF HEARING: | Oral Ruling |
| APPEARANCES: | Michael Dubis, attorney for the Chapter 7 trustee |
| | Michael Maxwell, the Chapter 7 trustee |
| | Debra Stanislawski, the debtor-defendant |
| LAW CLERK: | Emily Stedman |
| TIME: | 3:34 p.m. to 4:12 pm. |

  The Court had scheduled this hearing to present its oral ruling on the adversary complaint, which objected to the defendant's discharge under §727(a)(2)(b) and §727(a)(4)(a). The Court explained that it had reviewed the pleadings, as well as the testimony and evidence from the trial. The Court then laid out the elements of the causes of action under the relevant Code sections, as well as the cases cited by the defendant during her closing argument at trial. The Court emphasized that court decisions in fraud often turned on very specific facts, and that the majority of the time, the relevant evidence upon which courts relied was circumstantial. The Court recounted that the complaint alleged fraud in connection with three assets: (1) a ring the defendant's former spouse had purchased; (2) money in the defendant's bankruptcy attorney's trust account; and (3) the defendant's interest in a parcel of real property. The Court opined that most serious fraud allegations related to the ring, and it focused on evaluating the trial testimony that related to the ring. The Court focused on the credibility of each witness and found that, on the totality of the circumstances, the testimony and behavior of the defendant had not been consistent or credible. The Court found that the plaintiff had carried his burden of proving by a preponderance of the evidence

1

that the debtor had transferred or concealed property of the estate (the ring) after she filed her petition, with the intent to defraud the estate. The Court further found that the plaintiff had carried his burden of proving by a preponderance of the evidence that the defendant had made a statement under oath (her statement on the schedules as to the value of the ring), that the false statement was related to the bankruptcy, and that the defendant made the statement with intent to defraud.

**WHEREFORE**, the Court finds in favor of the plaintiff, trustee Michael Maxwell, and against the defendant, Debra Stanislawski. The Court **ORDERS** that judge enter in favor of the plaintiff on both counts of the complaint, and **DENIES** the defendant/debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(b) and 727(a)(4)(a).

# # # # #